IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 13-cr-30072 |
| | ) | |
| GREGORY TORAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION ON MOTION TO RELEASE FUNDS HELD IN ESCROW FOR GREGORY TORAN

### Background

Before the Court is the Motion to Release Funds Held in Escrow for Gregory Toran (d/e 38). Defendant Toran is charged with committing mail fraud and health care fraud in connection with the operation of a business called IBT Transportation, LLC (IBT). Indictment (d/e 1). The Indictment includes allegations for criminal forfeiture of certain accounts and specified tracts of real property. Indictment, at 20-26, Forfeiture Allegations. Upon conviction of a health care fraud offense, the sentencing judge, "shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7).

Forfeitures authorized under 18 U.S.C. § 982 are governed by the forfeiture provision in the Controlled Substances Act, 21 U.S.C. § 853. 18 U.S.C. § 982(b)(1). Section 853 authorizes the Government to secure a post-indictment protective order to freeze assets if probable cause exists to believe that the assets are traceable to the alleged criminal conduct. 18 U.S.C. § 853(c); United States v. Kirchenbaum, 156 F.3d 784, 789-90 (7th Cir. 1998).

Upon the issuance of the Indictment in this case, the Government recorded notices of *lis pendens* against the specific tracts of real property identified in the Indictment. Toran tried to sell two of the subject tracts (the Real Property). He could not complete the sale because of the *lis pendens* notices. The Government and Toran agreed to allow the sale, but only if the net proceeds of the sale were held in escrow by his attorneys (the Fund), and only to be released by agreement of the Government or pursuant to court order.

Toran has filed a Motion (d/e 38) (Motion) for an order to release $175,000.00 of Fund to pay the cost of his defense in this case. The Government objects.

Analysis

The Government argues that the question of probable cause that the restrained assets are traceable to the alleged criminal conduct has been conclusively decided by the Grand Jury's issuance of the Indictment. In Kaley v. United States, __ U.S.__, 134 S.Ct. 1090 (2014), the Supreme Court held that a person seeking to challenge a post-indictment, pretrial asset freeze under § 853(c) could not challenge the Grand Jury's determination that probable cause exists to believe that the defendant committed the alleged crime. Kaley, 134 S.Ct. at 1097. The Government argues that Forfeiture Allegations in the Indictment are, therefore, conclusive of the question of probable cause to believe the Fund will be proved forfeitable. Government's Response to Defendant Gregory Toran's Motion to Release Funds Held in Escrow (d/e 40) (Response), pgs 4-6.

The Court disagrees with the Government's interpretation of Kaley. The Kaley majority divided the probable cause issue into two questions: (1) probable cause that the defendant committed the crime; and (2) probable cause that the particular property will be subject to forfeiture. Kaley, 134 S.Ct. at 1095. The Kaley majority only decided that the Grand Jury's findings were conclusive on the first question. The Kaley majority indicated

in a footnote the Grand Jury forfeiture allegations were not entitled to the same conclusive effect:

> 9. The dissent argues that the same is true when a judge hears evidence on whether frozen assets are traceable to a crime, because that allegation also appears in the indictment. See *post,* at 1108 – 1109; *supra,* at 1095, and n. 3. But the tracing of assets is a technical matter far removed from the grand jury's core competence and traditional function—to determine whether there is probable cause to think the defendant committed a crime. And a judge's finding that assets are not traceable to the crime charged in no way casts doubt on the prosecution itself. So that determination does not similarly undermine the grand jury or create internal contradictions within the criminal justice system.

Kaley, 134 S. Ct. at 1099 n.9. This footnote indicates that the Court can hold a hearing on the limited issue of whether probable cause exists to believe the property at issue is subject to forfeiture without undermining the Grand Jury's function in determining probable cause to believe that a crime was committed.

However, before Toran is entitled to an evidentiary hearing on this issue, he must show that he has a bona fide need to use these particular funds to pay for his defense. Kirschenbaum, 156 F.3d at 792. The Government tacitly acknowledges this requirement by arguing that "Toran has made no showing . . . that there are no other sources of non-forfeitable funds." Response, pg. 3. If Toran has other available assets to fund the defense of his case, he is not entitled to a hearing on probable cause. If

Toran can make a showing that there are insufficient non-forfeitable assets to provide for his defense in this case, then this Court can hold a hearing to determine whether probable cause exists to believe that the Fund "will ultimately be proved forfeitable."  United States v. Monsanto, 491 U.S. 600, 615 (1989).

      The Court orders Toran to file with the Court evidence sufficient to determine whether Toran lacks sufficient funds in order to defend this case without resorting to the funds held in the Fund as described in Defendant's Motion.  A bare-bones affidavit asserting that Defendant lacks sufficient funds to obtain counsel will not establish a bona fide need to utilize assets subject to the escrow agreement between the Defendant and the Government.  Kirschenbaum, 156 F.3d at 792.  Defendant is ordered to file such information within fourteen (14) days.  The Government has fourteen (14) days in which to respond to Defendant Toran's submission.

      If Toran can demonstrate a bona fide need to use some of the retained assets to meaningfully exercise his right to counsel in the defense of this case, Toran would have a right to a hearing in which the Government must show a nexus between the property subject to forfeiture and the facts of the underlying offenses.  Libretti v. United States, 516 U.S.

29, 42 (1995); see United States v. Messino, 382 F.3d 704, 714 (7th Cir. 2004).

As noted above, Defendant Toran is ordered to file such information by December 1, 2014; Government to file its response by December 15, 2014.

ENTERED: November 17, 2014

\_\_\_\_s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE