IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-30072 |
| | ) | |
| GREGORY TORAN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Defendant Gregory Toran's Motion for Stay of Sentence (d/e 241). Defendant asserts that, when balancing Defendant's health and the potential consequences of his incarceration at the facility designated by the Bureau of Prisons (BOP) with the factors of 18 U.S.C. § 3143(b)(1), the Court should stay the execution of Defendant's sentence pending his appeal. The Government objects, stating Defendant has not supported his claim with medical or other evidence and has not demonstrated that the appeal raises substantial questions of law or fact.

On February 27, 2017, the Court held a hearing on Defendant's Motion. For the reasons that follow, the Motion is DENIED.

## I. BACKGROUND

In July 2016, following a bench trial, this Court found Defendant guilty of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count 1) and seven counts of mail fraud in violation of 18 U.S.C. § 1341. In January 2017, the Court sentenced Defendant to 60 months' imprisonment on each of Counts 1 through 8, to run concurrently; three years of supervised release on each of Counts 1 through 8, to run concurrently; an $800 special assessment; forfeiture of property; and restitution of $4.7 million.

In addition, the Court recommended to BOP that Defendant serve his sentence in the BOP medical facility located in Lexington, Kentucky; Springfield, Missouri; or Rochester, Minnesota. The Court allowed Defendant to self-report as directed by BOP. On January 26, 2017, Defendant filed a notice of appeal.

On February 13, 2017, Defendant filed his Motion for Stay of Sentence pursuant to 18 U.S.C. § 3143 and Federal Rule of Civil

Procedure 38.  Defendant indicates that, on or about February 2, 2017, the BOP directed Defendant to report to the minimum security federal satellite camp in Thomson, Illinois at 2:00 p.m. on February 28, 2017.  The Court directed the Government to file an expedited response to the Motion and set the matter for a hearing on February 27, 2017.

In the motion, Defendant notes that he suffers from numerous health conditions, including high blood pressure, type 2 diabetes, ulcerative colitis, high cholesterol, hepatitis C, sciatica, degenerative disc disease, osteoarthritis, and sensorineural hearing loss.  Defendant expresses concern that BOP is unwilling to assign Defendant to a proper facility to address his medical needs, arguing that his sentence of 60 months "is tantamount to a death sentence."  Mem. at 2 (d/e 242).   Defendant asserts that he does not pose a threat to another person or the community, his appeal is not being pursued for the purpose of delay, and his appeal "will likely raise a substantial question of law or fact likely to result in reversal or an order for a new trial[.]" Mem. at 3.

On February 21, 2017, the Government filed its expedited response (d/e 244) objecting to Defendant's request.  The

Government argues that Defendant is actually requesting that the Court place him on bond pending the completion of his appeal. The Government asserts that Defendant's claim is unsupported by medical or any other evidence. According to the Government, Defendant suffers from "typical medical conditions" and that Thomson provides a host of medical services to address Defendant's medical conditions. Resp. at 3 (d/e 244) (attaching the Admission and Orientation Handbook for Thomson which details the types of medical services available at the facility and local community). The Government further argues that Defendant has not shown that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served.

The Court held a hearing on February 27, 2017 and took the matter under advisement.

## II. ANALYSIS

Release of a defendant pending appeal is governed by Section 3143(b) of Title 18, which provides that a person who has been found guilty of an offense, sentenced to a term of imprisonment,

and who has filed an appeal shall be detained unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b)[1] or (c)[2] of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); see also Fed. R. Crim. P. 38(b)(1) (providing that if a defendant is released pending appeal, the court must stay a sentence of imprisonment); Fed. R. Crim. P. 46(c) (providing that § 3143 governs release pending appeal).  The statute creates a presumption against release pending appeal.  United States v. Garten, No. 14-cr-30006-DRH, 2015 WL 3814534, at * 1 (S.D. Ill.

---

[1] 18 U.S.C. § 3142(b) (release on personal recognizance or unsecured appearance bond).

[2] 18 U.S.C. § 3142(c) (release on conditions).

June 18, 2015) (citing <u>United States v. Bilanzich</u>, 771 F. 2d 292, 298 (7th Cir. 1985)).

The district court must state in writing or orally on the record the reasons for granting or denying an order on a motion for release pending appeal.  <u>See</u> Fed. R. App. P. 9(a), (b); <u>United States v. Swanquist</u>, 125 F.3d 573, 575 (7th Cir. 1997). The court must do more than merely recite the statutory language and state that the applicable factors have or have not been met.  <u>Swanquist</u>, 125 F.3d at 575.

In this case, the parties agree that Defendant is not likely to flee and does not pose a danger to the safety of any other person or the community if released. Therefore, the disputed issue is whether the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term less than the total of the time already served plus the expected duration of the appeal process.

**A.    Appeal Does Not Raise a Substantial Question of Law or Fact**

An appeal raises a substantial question of law if it presents a close question or one that could very well be decided the other way. Bilanzich, 771 F.2d at 298. A district court does not base its determination on its assessment of the defendant's chances of getting a panel of the Court of Appeals to agree with him. United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986). Instead, the district court "should return its attention to its own analysis of these issues at earlier stages of the proceedings." Id. (emphasis in original). "[A] judge must essentially evaluate the difficulty of the question he previously decided." Id.; see also United States v. Thompson, 787 F.2d 1084, 1085 (7th Cir. 1986) (noting that a judge does not have to find that he would have ruled the other way in order to find an issue is substantial).

Defendant argues that the appeal "will likely raise a substantial question of law or fact likely to result in a reversal or a new trial due to the Court's finding that Mr. Toran, before being imprisoned at a Bureau of Prisons facility, during his imprisonment at a Bureau of Prisons facility, and following his release from Bureau of Prisons facility was [a] member of a Conspiracy (Count 1), and committed Mail Fraud (Counts 2-8)." Mem. At 3 (d/e 242).

Following a bench trial, the Court found that the Government proved beyond a reasonable doubt that Defendant was a member of a conspiracy as charged in Count 1 and committed mail fraud as charged in Count 2 through 8. <u>See</u> Court Verdict (d/e 175). The Court subsequently denied Defendant's motion for a new trial, which argued, among other grounds, that the evidence was insufficient to find him guilty beyond a reasonable doubt. Opinion (d/e 194). Having reviewed the issue again, this Court finds that it is not a "close question" or one that could very well be decided the other way. The testimony of the witnesses, including co-defendant Tina Kimbrough, and the evidence of Defendant's role in the billing, both before, during, and after his incarceration, support Defendant's convictions.

**B.    Effect of Defendant's Medical Conditions and BOP's Designation Does Not Warrant a Stay**

Part of Defendant's concern appears to be his placement in the Thomson minimum security satellite camp located in Thomson, Illinois. Defendant does not believe that this facility can address his medical needs. The Government argues that BOP is authorized to determine where an inmate serves his sentence and that

Defendant can challenge a BOP decision about placement by way of 28 U.S.C. § 2241 after exhausting administrative remedies. Resp. at 3 (d/e 244).

BOP, as an agent of the Attorney General, "retains sole discretion regarding where inmates are housed." United States v. Gomez-Vieyra, 112 F. App'x 521, 524 (7th Cir. 2004) (citing 18 U.S.C. § 3621(b)); Taylor v. Lariva, 638 F. App'x 539 (7th Cir. 2016) (noting that the Attorney General, through BOP, administers a federal defendant's sentence). Defendant has not submitted evidence that would show that BOP's decision to designate Defendant to Thomson puts Defendant's health at risk such that this Court would be inclined to stay Defendant's sentence on that basis. The portion of the Admission and Orientation Handbook for Thomson Satellite Camp submitted by the Government (d/e 244-1) recognizes that Defendant has the right to necessary medical care and that health care services will be made available to Defendant. The Handbook also details a procedure for raising questions or concerns regarding health services. At present, it appears that Defendant's medical needs can be taken care of at Thomson. Therefore, a stay on this basis is not warranted.

## III. CONCLUSION

For the reasons stated, Defendant's Motion for Stay of Sentence (d/e 241) is DENIED.

ENTER: February 27, 2017

FOR THE COURT:
                <u>s/Sue E. Myerscough</u>
                SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE